**Aaron Lipton**
Law Offices of Aaron Lipton
7960 B Soquel Drive, no. 156
Aptos, CA 95003
Tel: 831-687-8711
aaron@lipton-legal.com

UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| In re:<br><br>KIMBERLY ANN SCHATZ<br><br>Debtor. | Case No.: 21-51279<br><br>Chapter 13<br><br>**MOTION TO AVOID JUDICIAL LIEN OF JOHN S PERKINS UNDER SECTION 522(F)**<br><br>Hearing: See Notice |

### STATEMENT OF FACTS

Debtor, Kimberly Ann Schatz, filed the instant case on October 7, 2021 under Chapter 13.

Debtor owns certain real property, listed and identified in Debtor's Schedule A/B, attached as Exhibit A. Included in that property is Debtor's residence, 4939 Arundle Court San Jose, CA 95136, San Jose, California, [hereinafter "the residence"] and valued at $1,426,700.00.

MOTION TO AVOID JUDICIAL LIEN OF JOHN S PERKINS UNDER SECTION 522(F) - 1

The residence is subject to a first deed of trust held by Wells Fargo Bank, N.A., in the amount of $984,320.32. Claim 1-1, filed October 21, 2021.

Creditor John S, Perkins, was awarded a lien against Debtor's residence on August 6, 2018 in a Judgment entered in the Superior Court of California, County of Santa Clara, case number 16CV293620.

## POINTS AND AUTHORITIES

Pursuant to 11 U.S.C. § 522(f):

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or
>> (B) a nonpossessory, nonpurchase-money security interest in any—
>>> (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
>>> (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
>>> (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.
> (2)
>> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>>> (i) the lien;
>>> (ii) all other liens on the property; and
>>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any lien

MOTION TO AVOID JUDICIAL LIEN OF JOHN S PERKINS UNDER SECTION 522(F) - 2

In the present case, Debtor qualifies to avoid this lien as it is a judicial lien under 11 U.S.C. § 522(f)(1)(A).  Per section 522(f)(2)(A), creditor's lien impair Debtor's exemptions.

**CONCLUSION**

WHEREFORE, Debtor requests that this court issue an order:

Stating that the judgment lien of John S, Perkins shall be of no force or effect, and evidence of such liens shall be expunged from the public record; and

Any other relief the Court deems appropriate.

Date:  November 22, 2021      /s/ Aaron Lipton
　　　　　　　　　　　　　　　　　Aaron Lipton
　　　　　　　　　　　　　　　　　Counsel for Debtor

MOTION TO AVOID JUDICIAL LIEN OF JOHN S PERKINS UNDER SECTION 522(F)  - 3